UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVA,<br><br>                          Petitioner,<br>vs.<br><br>DR. JEFFREY BEARD, WARDEN VALLEY STATE PRISON,<br><br>                          Respondent. | CASE NO. 13-CV-365-H-JMA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS** |

      Petitioner Ramon Nava ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 7, 2013. (Doc. No. 1.) On August 5, 2013, Respondent filed a motion to dismiss. (Doc. Nos. 8 & 9.) Petitioner did not file an opposition to the Respondent's motion to dismiss. On October 23, 2013, the magistrate judge filed a report and recommendation that the Court grant Respondent's motion to dismiss. (Doc. No. 11.) On November 11, 2013, the Court granted Petitioner a thirty day extension to file an objection to the magistrate judge's report and recommendation. (Doc. No. 14.) On December 20, 2013, the Court granted Petitioner a second thirty day extension to file an objection to the magistrate judge's report and recommendation. (Doc. No. 16.) On January 21, 2014, Petitioner filed his objection to the magistrate judge's report and recommendation. (Doc. No. 17.) The Court adopts the report and recommendation of the magistrate judge and grants Respondent's motion to dismiss.

## Background

On July 24, 2006, a jury convicted Petitioner of eight counts of lewd acts upon a child under 14 years of age. (Doc. No. 10-2, Clerk's Transcript, at 2.) The jury found that in each of the eight counts Petitioner had substantial sexual conduct with the victim. (Id.) The San Diego Superior Court ("Superior Court") sentenced Petitioner to twelve years in prison. (Id.) On October 4, 2006, Petitioner appealed the conviction. (Doc. Nos. 10-4, Appellant's Opening Brief, 10-5 Appellant's Supplemental Opening Brief.) On April 23, 2008, the state appellate court affirmed the judgment. (Doc. No. 10-6, Opinion.) On June 5, 2008, Petitioner filed a petition for review with the California Supreme Court. (Doc. No. 10-7, Petitioner for Review.) On July 28, 2008, the California Supreme Court denied the petition for review. (Doc. No. 10-8, Order Denying Petition.) The conviction became final on October 16, 2008. (See id.; see also Wixom v. Washington, 264, F.3d 894, 897 (9th Cir. 2001))

On November 30, 2009, Petitioner filed his first petition for writ of habeas corpus in the Superior Court ("Superior Court"). (Doc. No. 10-9, Petition for Writ of Habeas Corpus.) The petition challenged the length of Petitioner's sentence under Cunningham v. California, 549 U.S. 270 (2007), and alleged ineffective assistance of trial counsel. (Id. at 3-4.) On January 15, 2010, the Superior Court denied the petition. (Doc. No 10-10, Order Denying Petition.) The Superior Court rejected Petitioner's Cunningham claim citing In re Harris, 55 Cal. 4th 813, 825 (1993) and In re Waltreus, 62 Cal. 2d 218, 225 (1965), and rejected Petitioner's ineffective assistance of counsel claim citing In re Martinez, 46 Cal. 4th 945, 950 n.1, 956 (2009). (Doc. No. 10-11, Order Denying Petitioner, at 1-2.)

On September 14, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Doc. No. 10-11, Petition for Writ of Habeas Corpus.) On October 7, 2010, the state appellate court denied the petition citing In re Clark, 5 Cal. 4th 750, 783 (1993) and In re Martinez, 46 Cal. 4th 945, 950 n.1, 956 (2009). Doc. No. 10-12, Order Denying Petition, at 1.)

On July 22, 2011, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Doc. No. 10-13, Petition for Writ of Habeas Corpus.) On February 29, 2012, the California Supreme Court denied the petition without comment. (Doc. No. 10-15, Order Denying Petition.)

On February 7, 2013, Petitioner filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

## Discussion

### I.  Legal Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged and for whom belated liberation is little enough compensation." Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Indeed, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the

contrary." Id. Federal habeas relief is available, but only if the result of a federal claim the state court adjudicated on the merits is "contrary to," or "an unreasonable application" of United States Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§ 2254(d)(1) and 2254(d)(2).

A federal court may grant habeas relief under the "contrary to" clause of Section 2254(d)(1) if a state court either "applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Early v. Packer, 537 U.S. 3, 8 (2002); see also Williams, 529 U.S. at 405-06 (distinguishing the "contrary to" and the "unreasonable application" standards). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The state court's "unreasonable application" of binding precedent must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted); see Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

Additionally, even if a state court decision is contrary to United States Supreme Court precedent or rests on an unreasonable determination of facts in light of the evidence, the petitioner must show that such error caused substantial or injurious

prejudice. Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht, 507 U.S. at 637-38); see Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000). AEDPA creates a highly deferential standard toward state court rulings. Woodford v. Viscotti, 537 U.S. 19, 24 (2002); see Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007). Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). The AEDPA statute of limitations to bring a habeas action is subject to both statutory and equitable tolling. See id.; Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).

**II.　Analysis**

Respondent contends Petitioner's petition is untimely because it was filed on February 7, 2013, more than three years after the statute of limitations imposed by 28 U.S.C. § 2244(d) expired on October 17, 2009. (Doc. No. 9-1 at 1, 6.) Petitioner contends that he was unable to file a habeas corpus petition in a timely manner due to prison transfers, the loss of his legal documents, and the lack of a trial transcript. (Doc. No. 1 at 14-18.)

Under 28 U.S.C. § 2244(d), Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus in federal court unless statutory or equitable tolling applied. See 28 U.S.C. § 2244(d). A jury convicted Petitioner on July 24, 2006. (Doc. No. 10-1, Clerk's Transcript, at 2.) On April 23, 2008, the state appellate court affirmed the conviction. (Doc. No. 10-6, Opinion.) On July 18, 2008, the California Supreme Court denied review. (Doc. No. 10-8, Order Denying Petition.) On October 16, 2008, ninety days later, Petitioner's conviction became final. See Wixom v. Washington, 264, F.3d 894, 897 (9th Cir. 2001). Absent any statutory or equitable tolling, Petitioner had until October 16, 2009 to file his federal habeas corpus petition. 28 U.S.C. § 2244(d); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying to AEDPA's statute of limitations, Federal Rule of Civil Procedure 6(a), which states "[i]n computing any period of time prescribed . . . by any applicable

statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included" to AEDPA). Petitioner did not file his federal habeas corpus petition until February 7, 2013. Accordingly, the petition is untimely by more than three years unless Petitioner is entitled to sufficient statutory or equitable tolling to make the petition timely.

### A. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2). On November 30, 2009, Petitioner filed his first state habeas corpus petition. (Doc. No. 10-9.) State habeas petitions filed after the statute of limitations period ends do not revive a limitations period that had already ended before the state petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed."). Petitioner's first state habeas corpus petition was filed more than one month after the October 16, 2009 deadline. Therefore, there is no statutory tolling of the limitations period because it expired before Petitioner filed an application for collateral review.

### B. Equitable Tolling

AEDPA's statute of limitations is also subject to equitable tolling. Holland, 130 S. Ct. at 2560. "To be entitled to equitable tolling, [Petitioner] must show, '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from filing." Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is unavailable in most cases, and "the threshold to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

The inability to secure transcripts is generally not considered an extraordinary

1  circumstance that would prevent a diligent petitioner from filing in a timely manner,
2  especially when the petitioner was present at the proceedings being challenged. See
3  Ford v. Pliler, 590 F.3d 782, 790 (9th Cir. 2009) (explaining the failure of petitioner's
4  attorney to provide him with legal documents was not an extraordinary circumstance
5  which caused his untimely filing because petitioner was aware of the factual basis of
6  his claims and therefore did not need the documents to file a timely habeas petition).
7  Petitioner did not require the trial transcripts at issue to file a federal petition for writ
8  of habeas corpus because Petitioner had already raised his Cunningham claim in a
9  direct appeal of his conviction on October 4, 2006. (Doc. No. 10-4 at 8.) Additionally,
10 Petitioner was present at both his trials and able to observe his attorney's performance.
11 (Id.) Petitioner has been aware of the basis of his constitutional claims since 2006.
12 Therefore, the lack of trial transcripts does not constitute an extraordinary impediment
13 to Petitioner's ability to raise his constitutional claims within the AEDPA statute of
14 limitations period. See Ford, 590 F.3d at 790.
15      The lack of access to legal materials may be a sufficient basis upon which to
16 grant equitable tolling. See Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002). But
17 Petitioner did not attempt to locate legal documents and materials until a year after the
18 one-year statute of limitations under Section 2244(d) had already expired. (See Doc.
19 No. 1 at 110-16 (stating that Petitioner first sought legal materials on June 9, 2010).)
20      "A pro se petitioner's lack of legal sophistication is not, by itself, an
21 extraordinary circumstance warranting equitable tolling." Raspberry v. Garcia, 448
22 F.3d 1150, 1154 (9th Cir. 2006) (formatting omitted). Without more, Petitioner has
23 failed to demonstrate that an impediment beyond his control prevented him from filing
24 a timely petition for a writ of habeas corpus.
25 //
26 //
27 //
28 //

## Conclusion

Petitioner filed his petition for writ of habeas corpus more than one year after the limitations period expired and is therefore barred by the statute of limitations. Petitioner is not entitled to statutory or equitable tolling. Accordingly, the Court grants Respondent's motion to dismiss and dismisses Petitioner's complaint with prejudice.

**IT IS SO ORDERED**.

DATED: March 14, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT